[628 NYS2d 175]

In the Matter of STEPHEN G. MURPHY (Admitted as STEPHEN GERARD MURPHY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 12, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee and for an order sealing the file.

The three charges are based on the following factual allegations:

(1) The respondent represented the defendant, Anthony Dexter, in *People v Anthony Dexter and Aida Ornado,* indictment No. 79299, tried before Judge Donald E. Belfi and a jury in County Court, Nassau County.

(2) The trial commenced on October 27, 1993, following the selection of a jury.

(3) On November 3, 1993, and November 4, 1993, the respondent failed to appear at the trial of the aforementioned matter.

(4) The respondent failed to inform Judge Belfi that he would not be appearing and failed to provide an explanation for his nonappearance.

(5) At Judge Belfi's direction, several unsuccessful attempts were made to contact the respondent for the purpose of determining the reason for his failure to appear.

(6) On November 4, 1993, as a direct result of the respondent's unexplained failure to appear, Judge Belfi was required to declare a mistrial.

(7) On or about November 8, 1993, Judge Belfi imposed upon the respondent the sanction of $500 for the respondent's unexplained failure to appear.

Charge One alleged that, by the aforementioned conduct, the respondent is guilty of engaging in conduct which is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Two alleged that, by the aforementioned conduct,

the respondent is guilty of engaging in discourteous conduct which is degrading to a tribunal, in violation of DR 7-106 (C) (6) (22 NYCRR 1200.37 [c] [6]).

Charge Three alleged that, based upon the aforesaid conduct, the respondent is guilty of conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

We find upon our review of the evidence that the Special Referee properly sustained all three charges. The petitioner's motion to confirm the report of the Special Referee is therefore granted. The respondent's cross motion is denied but for that portion of the cross motion seeking an order sealing the file.

In determining an appropriate measure of discipline to impose we have considered the mitigation offered by the respondent. While, at the respondent's request, we will not discuss the specifics of the mitigation, we soundly reject it as a proffered excuse. Judge Belfi and his staff were forced, by the respondent's unexplained, and unauthorized absence, to make repeated efforts to locate the respondent. In addition, the codefendant's counsel, the prosecuting attorney, and the police officers who were kept waiting to testify, *inter alia*, travelled to the respondent's home, and made inquiries at various hospitals and police precincts in search of the respondent. It was not until Monday, November 8th that the respondent appeared in Judge Belfi's chambers to offer an explanation which Judge Belfi found inadequate.

Furthermore, the respondent has been disciplined in the past for similar misconduct. On October 12, 1993 (three weeks before his nonappearance), the respondent was *personally admonished* by the petitioner Grievance Committee for his professional misconduct in two related complaints. The first was filed by Judge Charles LaTorella of the Civil Court of the City of New York, Queens County, who had rendered a default judgment against the respondent after an inquest. The second complaint was filed by a client, who had paid the respondent $15,000 as his legal fee to represent her in a criminal matter. Because the respondent twice failed to appear in Supreme Court, New York County, on the client's behalf, she sued him in Civil Court for recovery of the fee. That action resulted in the aforesaid default judgment by Judge LaTorella. The respondent has also been the recipient of three Letters of Caution. By letter dated September 23, 1993, the respondent

was cautioned for failing to return numerous telephone calls from another attorney and for failing to adequately supervise office personnel. By letter dated September 24, 1992, the respondent was cautioned for failing to cooperate with an investigation of the Grievance Committee. Finally, by letter dated November 19, 1992, the respondent was cautioned for failing to re-register as an attorney with the Office of Court Administration.

In view of the foregoing, it is the decision of this Court, despite the mitigation advanced, that the respondent be suspended from the practice of law for a period of one year.

MANGANO, P. J., SULLIVAN, ROSENBLATT, MILLER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that the branch of the respondent's cross motion which is to seal the file is granted, and the motion is otherwise denied; and it is further,

Ordered that the portion of the record wherein the respondent offers his mitigation is sealed; and it is further,

Ordered that the respondent, Stephen G. Murphy, is suspended from the practice of law for a period of one year, commencing July 14, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stephen G. Murphy, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.