[668 NYS2d 652]

In the Matter of STEPHEN G. MURPHY (Admitted as STEPHEN GERARD MURPHY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 2, 1998

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained Charge One but made no determination with respect to Charge Two, based upon his belief that a decision with respect to that charge must be made by the Appellate Division.

The Grievance Committee now moves to confirm that part of the Special Referee's report as sustained Charge One and to disaffirm that part of the report as concluded that it was not appropriate for the Special Referee to determine whether Charge Two had been sustained. In reply, the respondent does not deny his responsibility for failing to file the appropriate tax returns but requests that any sanction against him be limited to a censure.

Charge One alleged that the respondent is guilty of professional misconduct in that he was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). On November 11, 1995, the re-

spondent was convicted, upon his plea of guilty in the Criminal Court of the City of New York, New York County, of failure to file a return or report, unincorporated business tax, a class A misdemeanor, in violation of Administrative Code of the City of New York § 11-4002. On November 2, 1995, the respondent was sentenced to a conditional discharge and a $5,000 fine.

Charge Two alleged that the respondent has engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the facts set forth in Charge One.

Based on the respondent's admissions of the underlying factual allegations, both charges are sustained. We find that a conviction of a tax-related misdemeanor constitutes conduct adversely reflecting upon an attorney's fitness to practice law. Accordingly, the Grievance Committee's motion to confirm in part and disaffirm in part is granted to the extent that both charges of the petition are sustained.

The respondent notes that his misconduct did not involve the practice of law and that there is no reason to believe that his resumption of practice poses any threat to the public. The respondent asserts that he has enjoyed an enviable reputation in the legal community. He has repented for his actions, is very remorseful, and sincerely regrets the dishonor and disgrace he has brought upon his family and the legal profession. Due to these proceedings, he has been compelled to withhold his application for reinstatement. As a result, the respondent will be suspended for a period in excess of two years, a period far in excess of that originally contemplated by the Court. Under the circumstances, the respondent requests that he be censured for the misconduct at issue here.

In determining an appropriate measure of discipline to impose, the respondent's prior disciplinary history should be considered in addition to the mitigation offered by the respondent. On October 12, 1993 (three weeks prior to his failure to appear in the Nassau County Court proceeding which led to his one-year suspension), the respondent was personally admonished by the Grievance Committee for his professional misconduct in two related complaints. The first was filed by Judge Charles LaTorella of the Civil Court of the City of New York, Queens County, who had rendered a default judgment against the respondent after an inquest. The second complaint was filed by a client, who had paid the respondent $15,000 as his legal fee for representing her in a criminal matter. Because

the respondent twice failed to appear in Supreme Court, New York County, on the client's behalf, she sued him in Civil Court to recover the fee. That action resulted in the aforesaid default judgment by Judge LaTorella. The respondent has also been the recipient of three Letters of Caution. By letter dated September 23, 1993, the respondent was cautioned for failing to return numerous telephone calls from another attorney and for failing to adequately supervise office personnel. By letter dated September 24, 1992, the respondent was cautioned for failing to cooperate with an investigation of the Grievance Committee. Finally, by letter dated November 19, 1992, the respondent was cautioned for failing to reregister as an attorney with the Office of Court Administration.

The respondent remains suspended pursuant to this Court's opinion and order dated June 12, 1995 (211 AD2d 228), which suspended him for one year.

Under the unique circumstances of this case whereby the respondent has already been suspended in excess of two years, we censure him for his additional acts of professional misconduct set forth in this second disciplinary proceeding against him.

MANGANO, P. J., ROSENBLATT, MILLER, SULLIVAN and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that both charges are sustained; and it is further,

Ordered that the respondent, Stephen G. Murphy, is censured for his professional misconduct.